UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY, VACATION & XMAS and FRINGE BENEFIT FUNDS; AND PLUMBERS AND GASFITTERS LOCAL UNION NO. 12<br><br>Plaintiffs<br><br>VS.<br><br>DJ PLUMBING & HEATING, INC.<br><br>Defendant | Civil Action No.<br><br><br><br>November 3, 2015 |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 185 brought on behalf of the Trustees of the Plumbers and Gasfitters Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds; and Plumbers and Gasfitters Local 12 (the "Plaintiffs") for damages arising from unpaid Trust Funds contributions and late fees.

2. This court has jurisdiction, and venue lies in this district pursuant to ERISA § 502 (e)(1) and (2); 29 U.S.C. § 1132(e)(1) and (2), § 515; 29 U.S.C. § 1145 and the LMRA § 301 (a); 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

3. Defendant, DJ Plumbing & Heating, Inc. (hereinafter "DJ Plumbing" or "Defendant") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business located at 250 North Street #B-1, Danvers, MA 01923 and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152 (2), (6) and (7).

4. DJ Plumbing is a member of the Greater Boston Association of Plumbing, Heating, Cooling Contractors, Inc. (hereinafter "Association") and has assigned its bargaining rights to the Association for purposes of negotiating a Collective Bargaining Agreement with Plumbers and Gasfitters Local 12 and the United Association of Plumbers and Gasfitters (hereinafter the "Union"). DJ Plumbing is, therefore, a party to and bound by the Collective Bargaining Agreement (hereinafter "CBA") between the Association and the Union.

5. Plaintiffs Trustees of the Plumbers and Gasfitters Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds (the "Funds") are third-party beneficiaries of the CBA between the Association and the Union.

6. Plaintiffs are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1002(37)(A) and each is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have their

principal office at and are administered from 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

## COUNT I: ERISA – Claim for Delinquent Funds Contributions

7. At all material times, DJ Plumbing is obligated by the terms of the CBA between Defendant and the Union and by the terms of the Funds' Agreement and Declaration of Trust to which Defendant is bound to make contributions to the Plaintiff Funds for each hour worked by its employees who perform plumbing jobs (i.e., work covered by the CBA).

8. Consistent with the CBA and the Plan Documents, Funds contributions are due on the fifteenth (15th) day of the month following the month in which the contributions accrued, but, in no event, later than the thirtieth (30th) day of the month following the month in which the contribution accrued (e.g., contributions for hours worked in May are due June 15th, but no later than June 30th).

9. Defendant has failed to make required contributions to the Plaintiff Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145.  Defendant is presently delinquent in contributions owed for the month of September 2015, and by November 15th will owe for the month of October 2015.

10. Monthly reports submitted to the Funds by the Defendant, as required by the Funds' Agreement and Declaration of Trust, demonstrate that Defendant owes contributions to the Funds for work performed by its plumbing employees working in covered employment for the month of September 2015 in the amount of **$24,762.60**.

Additionally, Defendant continues employing plumbers and, therefore, will owe contributions for ensuing months during the pendency of this Complaint. Thus, the judgment will likely be greater than that claimed above.

11. Each month in which a delinquency arose, Plaintiff Funds forwarded demand correspondence to Defendant requesting payment of the delinquent contributions and explaining that failure to submit contributions would result in litigation in which Defendant would be required to pay the delinquent contributions, plus liquidated damages, interest, costs and attorney's fees.

12. Each month, Plaintiff Funds forwarded demand correspondence to the Defendant requesting payment for the contributions owed to the Funds and have repeatedly explained that failure to forward payments would result in late fee charges pursuant to the terms of the Collective Bargaining Agreement and the collection policy of the Funds. As of October 21, 2015, Defendant owes the Funds **$3,693.18** in late fees on the delinquent contributions that accrued each month throughout 2015.

### COUNT II: LABOR MANAGEMENT RELATIONS ACT (delinquencies)

13. Plaintiffs hereby incorporate by reference the above Paragraphs 1-12.

14. By the above action, Defendant violated the parties' Collective Bargaining Agreement, to which the Plaintiffs are third-party beneficiaries with standing to bring a breach of contract claim pursuant to LMRA § 310(a), 29 U.S.C. § 185(a).

## COUNT III:  LABOR MANAGEMENT RELATIONS ACT (failure to provide a bond)

15. Plaintiffs hereby incorporate by reference Paragraph 1-14.

16 Defendant continues a pattern of chronic delinquency in Funds contributions payments and has been delinquent in such payment for every month of 2015.

17. Pursuant to Article VII-B, Section F of the Collective Bargaining Agreement, a signatory employer delinquent in payments of monthly Funds contributions and deductions more than once in a calendar year shall be required to provide a fringe benefit bond or irrevocable letter of credit as provided in the Funds' collection policy.

18. In the event that litigation becomes necessary to enforce the bonding requirement referenced in paragraph 17, Article VII-B, Section F of the Collective Bargaining Agreement provides that neither the Union nor the Funds Trustees will be required to first exhaust the grievance/arbitration procedure of Article XIV of the Agreement.

19. Defendant is required to provide Plaintiffs a fringe benefit bond in the amount of Twenty-Five Thousand Dollars ($25,000.00) as a result of Defendant's chronic pattern of monthly delinquencies.

20. Based on information and belief, such fringe benefit bond will cost Defendant less than Six Hundred Dollars ($600.00).

21. Defendant continues to refuse to provide the contractually mandated fringe benefit bond.

WHEREFORE, Plaintiffs demand that judgment be entered in accordance with Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, and Section 301 of the LMRA, 29 USC § 185, as follows:

1. Issuing a court order that defendant:

    (a) Pay unpaid contributions for the month of September 2015 in the amount of                    **$24,762.60**

    (b) Pay unpaid late fees:                    **$3,693.18**

    **Total of (a) and (b)**:                    **$28,455.78**

    (c) Pay subsequent delinquencies and late fees that may become due and owing during the pendency of this suit;

    (d) Pay interest on delinquent payments from the date of this lawsuit through the date of final payment;

    (e) Obtain and provide plaintiffs with a fringe benefit bond in the amount of $25,000.00 as required by the Collective Bargaining Agreement and the Funds' collection policy

    (e) Pay liquidated damages in an amount equal to the greater of interest on unpaid contributions or twenty percent (20%) of the unpaid contributions;

    (f) Pay all costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action; and

    2.    Ordering such other and further relief as this Court may deem just and proper.

Dated at East Hartford, Connecticut, this 3rd day of November 2015.

    ATTORNEY FOR PLAINTIFFS,

    /s/ Brendan L. Hughes, Esq.
Brendan L. Hughes, Esq.
Robert M. Cheverie, Esq.
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
Phone: (860) 290-9610
Fax: (860) 290-9611
E-mail: bhughes@cheverielaw.com
BBO# 680905
E-mail: rcheverie@cheverielaw.com
BBO# 082320
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 3rd day of November 2015, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD  21201
Attn:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
Attn:  Assistant Solicitor for Plan
         Benefits Security

/s/ Brendan L. Hughes, Esq.
Brendan L. Hughes, Esq.